UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MICHAEL DAVID BERRYMAN,             :
                                    :
        Petitioner,                 :    Civ. No. 16-2076 (NLH)
                                    :
    v.                              :    OPINION
                                    :
WARDEN KIRBY,                       :
                                    :
        Respondent.                 :
_____:

APPEARANCES:
Michael David Berryman, # 64649-051
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se

HILLMAN, District Judge

       Petitioner Michael David Berryman, a prisoner confined at the Federal Correctional Institution in Fairton, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, challenging the adequacy of his medical care. (ECF No. 1). Petitioner failed to pay the filing fee or submit a complete in forma pauperis application pursuant to Local Civil Rule 81.2(b).

       The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to

proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L.Civ.R. 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis as required by Local Civil Rule 81.2(b).

Accordingly, this matter will be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either paying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a

certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

The Court notes, however, that in the instant habeas petition, Petitioner specifically alleges an "Eighth Amendment, deliberate indifference to a serious medical need" claim and he requests injunctive relief. (Pet. 8, 10 ECF No. 1). Petitioner is on notice that challenges to medical treatment are generally characterized as challenges to conditions of confinement and, accordingly, are properly brought in the context of a civil complaint filed under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 388, 91 S. Ct. 1999, 2001, 29 L. Ed. 2d 619 (1971). See also Bonadonna v. United States, 446 F. App'x 407 (3d Cir. 2011) (holding that district court properly dismissed § 2241 petition where petitioner's allegations of deficient or different medical care did not "spell speedier release," and thus did not lie at the "core of habeas corpus.") (citations omitted); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."); Johnson v. Zickefoose, No. 11-6754, 2012 WL 6691803, at *3 (D.N.J. Dec. 21, 2012).

Petitioner remains free to assert the claims raised in the instant Petition in a properly filed civil rights complaint. This Court makes no determination as to the merits or timeliness of any such claims.  Further, Petitioner is on notice that a civil action under <u>Bivens</u> carries with it a total filing fee in the amount of $400 or, if a prisoner is granted <u>in forma pauperis</u> status, a filing fee in the amount of $350.

<u>CONCLUSION</u>

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1]  Petitioner will be granted leave to apply to re-open within 45 days, by either prepaying the filing fee or submitting a complete application for leave to proceed <u>in forma pauperis</u>.

An appropriate Order will be entered.

             ___s/ Noel L. Hillman_____
             NOEL L. HILLMAN
             United States District Judge

Dated: April 19, 2016
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar <u>if</u> it was originally submitted timely. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (prisoner mailbox rule); <u>Papotto v. Hartford Life & Acc. Ins. Co.</u>, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

4