UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MICHAEL DAVID BERRYMAN,             :
                                    :
          Petitioner,               :    Civ. No. 16-2076 (NLH)
                                    :
     v.                             :    OPINION
                                    :
WARDEN KIRBY,                       :
                                    :
          Respondent.               :
_____ :

APPEARANCES:
Michael David Berryman, # 64649-051
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
     Petitioner Pro se

HILLMAN, District Judge

     Petitioner Michael David Berryman, a prisoner confined at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, challenging the adequacy of his medical care. (ECF No. 1).  This matter was previously administratively terminated due to Petitioner's failure to satisfy the filing fee requirement. (ECF No. 3).  On May 2, 2016, Petitioner submitted an application to reopen and paid the $5 filing fee. (ECF No. 4).  The matter was reopened for review by a judicial officer.  At this time the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made

applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. For the reasons set forth below, the Petition will be dismissed.

## I. BACKGROUND

Petitioner states that he was convicted in the United States District Court for the District of New Mexico for possession of a stolen firearm in violation of 18 U.S.C. § 924(A)(2). He is currently serving a 96 month sentence. In his Petition, he asserts that he is experiencing extreme pain, and that the medical staff at FCI Fort Dix is depriving him of adequate medical care. (Pet. 3, ECF No. 1). Petitioner states that he has exhausted his administrative remedies and he explains his efforts. (Id. at 3-5). As his sole ground for relief, Petitioner asserts that prison officials acted with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment rights. (Id. at 8-9).

## II. STANDARDS OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2241, 2254.

### III. ANALYSIS

As explained to Petitioner in the Court's April 19, 2016 Opinion, a habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498–99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749, 124 S. Ct. 1303, 158 L.Ed.2d 32 (2004) and Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L.Ed.2d 906 (1997). See also Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005). In addition, where a prisoner seeks a "quantum change" in the level of custody, for

3

example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991), and cases cited therein; see also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237, 243 (3d Cir. 2005) (finding that a challenge to regulations limiting pre-release transfer to community corrections centers was properly brought in habeas, because community confinement is "'qualitatively different from confinement in a traditional prison'" (citation omitted)).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485–86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990) (entertaining challenge to Bureau of Prisons refusal to consider prisoner's request that state prison be designated place for service of federal sentence, in order that state and federal sentences could run concurrently). See also George v. Longley, 463 F. App'x 136 (3d Cir. 2012) (citing Coady, 251 F.3d 480, and Barden, 921 F.2d 476).

The Court of Appeals has noted that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. However, to the extent a prisoner challenges his conditions of

4

confinement, such claims must be raised by way of a civil rights action.

> [W]henever the challenge ultimately attacks the "core of habeas"-the validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). See also Bonadonna v. United States, 446 F. App'x 407 (3d Cir. 2011) (holding that District Court properly dismissed § 2241 petition for lack of jurisdiction where petitioner's allegation of deficient medical care does not "'spell speedier release,'" and thus does not lie at "'the core of habeas corpus.'" (citations omitted)).

In this case, Petitioner's Eighth Amendment deliberate indifference claim is not properly asserted in this § 2241 action, as it would not alter his sentence or undo his conviction.  Therefore, the Petition must be dismissed for lack of jurisdiction. See Bonadonna, 446 F. App'x 407; Leamer, 288 F.3d at 542; Johnson v. Zickefoose, No. 11-6754, 2012 WL 6691803, at *3 (D.N.J. Dec. 21, 2012).

Petitioner is free to raise his claims in a civil complaint filed under Bivens v. Six Unknown Named Agents of Federal Bureau

5

of Narcotics, 403 U.S. 388, 389, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971)[1] or an action pursuant to the Federal Tort Claims Act ("FTCA").  The Court does not express any opinion as to the legal viability of such claims.

Should Petitioner proceed with a civil complaint, Petitioner is on notice that he must first exhaust his administrative remedies. See 42 U.S.C. § 1997e(a); see also Bonadonna, 446 F. App'x at 409.  Further, Petitioner is on notice that a civil action under Bivens carries with it a total filing fee in the amount of $400 or, if a prisoner is granted in forma pauperis status, a filing fee in the amount of $350.

IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction.

An appropriate Order will be entered.

　　　　　　　　　　　　　　　　　　__s/ Noel L. Hillman_____
　　　　　　　　　　　　　　　　　　NOEL L. HILLMAN
　　　　　　　　　　　　　　　　　　United States District Judge

Dated: June 15, 2016
At Camden, New Jersey

---

[1] Bivens actions are the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049, 125 S. Ct. 868, 160 L.Ed.2d 769 (2005).